IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-CV-1099-BO-RN

| | |
|---|---|
| SONRISA, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MABEL DENTAL LAB, INC., CROWN )<br>WARRANTY, LLC, )<br>)<br>Defendants. ) | O R D E R |

This cause comes before the Court on defendants' motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure or in the alternative to transfer venue. The time for responding has passed, and plaintiff has failed to file a response. Defendant has filed a second memorandum requesting dismissal instead of transfer in light of plaintiff's failure. In this posture, the motion is ripe for disposition. For the reasons that follow, the motion is granted in part and denied without prejudice in part.

## BACKGROUND

Plaintiff, proceeding through counsel, commenced this action in New Hanover County Superior Court alleging claims against defendant for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114(1), copyright infringement, unfair and deceptive trade practices under North Carolina law, and violations of North Carolina common law. Plaintiff is the owner of trademarks and trade dress for Easy Denture, a brand of do-it-yourself dentures. Plaintiff alleges that defendants have copied its Easy Denture product and attempted to pass the product off as their own. *See* [DE 1-1].

Defendants removed plaintiff's complaint to this Court on December 4, 2024. Notice to counsel was issued by the Clerk, indicating that counsel should file notices of appearance and otherwise comply with this Court's Local Rules. [DE 2]. Plaintiff's counsel has failed to comply with the Clerk's notice. Defendants thereafter filed the instant motion to dismiss or transfer, to which plaintiff has failed to respond.

Defendants seek dismissal of this action for lack of personal jurisdiction and for failure to state a claim.

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inferences in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). A court may consider affidavits attached to a motion when determining whether the plaintiff has made a prima facie showing of personal jurisdiction. *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). "If the existence of jurisdiction turns on disputed factual questions the court may resolve the challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question." *Combs*, 886 F.2d at 676.

The Court lacks personal jurisdiction over defendants. "In federal question actions based on a statute that does not provide for nationwide jurisdiction, a federal court exercises personal jurisdiction over a defendant in the manner consistent with state law." *Moseley v. Fillmore Co.*, 725 F. Supp. 2d 549, 559 (W.D.N.C. 2010). Neither the Lanham Act nor the Copyright Act provide for nationwide jurisdiction. *Red Hill Ranch, LLC v. Old S. Carriage Co., Inc.*, 225 F. Supp. 3d 422, 424 (D.S.C. 2015).

The exercise of personal jurisdiction is lawful "if [1] such jurisdiction is authorized by the long-arm statute of the state in which it sits and [2] the application of the long-arm statute is consistent with the due process clause of the Fourteenth Amendment." *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009). North Carolina's long-arm statute is coextensive with the due process clause. *Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Thus, the Court must only decide whether exercising personal jurisdiction over either defendant would offend due process. *Id.*

Two types of personal jurisdiction are recognized: general and specific. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 582 U.S. 255, 262 (2017). To satisfy due process, a plaintiff asserting general jurisdiction must establish that the defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Defendants are two Ohio-based corporations, and there are no allegations in the complaint which would support a finding of general jurisdiction.

"Specific jurisdiction . . . depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operation*, 564 U.S. at 919 (internal alterations, quotation, and citation omitted). The Court must analyze "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff['s] claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 352 (4th Cir. 2020).

3

Defendants do not maintain offices, employees, or agents in North Carolina. *See* [DE 5-1] Ex. A ¶ 11; [DE 5-2] Ex. B ¶ 8. Neither defendant owns any property nor maintains any physical presence in North Carolina. Ex. A. ¶ 12; Ex. B. ¶ 9. While defendants operate websites that are accessible in North Carolina, Mabel's website does not offer any products for sale through its website. Ex. A. ¶ 5. A "generally accessible, semi-interactive Internet website" is simply not a sufficient basis on which to find that defendants have directed activity into North Carolina. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 401 (4th Cir. 2003). Both defendants have sold their products to customers in North Carolina, but such sales account for less than 5% of their sales over the past year. Ex. B. ¶¶ 6-7; Ex. A. ¶ 8. There are simply no allegations that defendants "reached into" North Carolina repeatedly in order "to transact business." *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 295 (4th Cir. 2009). Plaintiff has failed to make a prima facie showing that either defendant has purposefully availed itself of the privilege of conducting activities in North Carolina.

A court need only consider the second and third inquiries if the defendant is found to have purposefully availed itself of the privilege of conducting business in the forum state. *Consulting Engineers Corp.*, 561 F.3d at 278. However, the complaint fails to plausibly allege that any of the minimal sales by defendants to North Carolina customers form the basis of plaintiff's claims, and thus the second factor further does not support a finding of personal jurisdiction. Plaintiff's allegations in support of jurisdiction are that defendants have minimum contacts with North Carolina because they conduct regular and systematic business here and have directed conduct into North Carolina which is the basis of the claims in this case. [DE 1-1] ¶ 6. These allegations are conclusory, and plaintiff's complaint reveals no additional facts which would support a prima facie showing of personal jurisdiction.

Defendants have demonstrated that the Court lacks personal jurisdiction over them. The complaint must therefore be dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to dismiss or transfer venue [DE 5] is GRANTED in part and DENIED without prejudice in part. The complaint is DISMISSED for lack of personal jurisdiction over defendants. The clerk is DIRECTED to close the case.

SO ORDERED, this 22 day of September 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE